IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RICHARD WAYNE WARD                                                PLAINTIFF

V.                                    NO. 14-5329

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration         DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Richard Wayne Ward, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

**I.  Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on February 23, 2011, alleging an inability to work since June 11, 2010, due to a ruptured disc, degenerative disc disease, and heart disease. (Tr. 128-138, 165, 187). An administrative hearing was held on May 30, 2013, at which Plaintiff appeared with a non-attorney representative and testified. (Tr. 28-48).

By written decision dated July 18, 2013, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe –

degenerative disc disease, coronary artery disease (status-post defibrillator), obesity, eczema of the hands, depression and an adjustment disorder. (Tr. 13). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.l1567(b) and 416.967(b) except lifting up to 10 pounds; standing/walking 2 hours per 8 hour workday; sitting 6 hours per 8-hour workday; no exposure to temperature or humidity extremes, or irritants such gases, fumes, dusts and odors, or work in food industry but he is able to understand, remember and carry out simple and some complex instructions consistent with unskilled work. He would be able to relate and interact with coworkers and supervisors on a work-related basis only with no or minimal interaction with the general public. The claimant can adapt to a work situation with these limitations/restrictions and his medications would not preclude him from remaining reasonably alert to perform required functions presented in a work setting.

(Tr. 15-16). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff was unable to perform his past relevant work, but there were other jobs Plaintiff would be able to perform, such as mailroom clerk, assembler, clerical mailer, and surveillance monitor. (Tr. 21-22).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on September 8, 2014. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). The court "'will disturb the ALJ's decision only if it falls outside the available zone of choice.'" Papesh v. Colvin, No. 14-2230, 2015 WL 3396586 at *4 (8th Cir. May 27, 2015)(quoting Hacker v. Barnhart, 459 F.3d 934, 936 (8th Cir. 2006)). An ALJ's decision is not outside the zone of choice simply because the court might have reached a different conclusion had it been the initial finder of fact. Papesh, 2015 WL 3396586 at *4 (quoting Bradley v. Astrue, 528 F.3d 1113, 1115 (8tyh Cir. 2008).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42

U.S.C. §§423(d)(3), 1382(3)(D).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience.  See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his RFC.  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

### III.   Discussion:

Plaintiff raises several issues in his brief, all of which appear to relate to the ALJ's RFC determination, such as whether the ALJ included all of the limitations supported by the record in his RFC, and whether he gave proper weight to the various opinions of the physicians.

### A.  Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5)

functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). The ALJ discussed Plaintiff's daily activities, the medical records, and the fact that Plaintiff continued to smoke after being advised to quit by his physicians. (Tr. 18).

After a careful review of the record as a whole, the Court finds there is substantial evidence to support the ALJ's credibility analysis.

### B. RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth

5

specifically a claimant's limitations and to determine how those limitations affect his RFC." Id. "The ALJ is permitted to base its RFC determination on 'a non-examining physician's opinion *and* other medical evidence in the record.'" Barrows v. Colvin, No. C 13-4087-MWB, 2015 WL 1510159 at *15 (quoting from Willms v. Colvin, Civil No. 12-2871, 2013 WL 6230346 (D. Minn. Dec. 2, 2013).

With respect to the weight given to the opinions of treating physicians, "[a] claimant's treating physician's opinion will generally be given controlling weight, but it must be supported by medically acceptable clinical and diagnostic techniques, and must be consistent with other substantial evidence in the record." Andrews v. Colvin, No. 14-3012, 2015 WL 4032122 at *3 (8th Cir. July 2, 2015)(citing Cline v. Colvin, 771 F.3d 1098, 1102 (8th Cir. 2014). "A treating physician's opinion may be discounted or entirely disregarded 'where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions.'" Id. "In either case-whether granting a treating physician's opinion substantial or little weight-the Commissioner or the ALJ must give good reasons for the weight apportioned." Id

In his decision, the ALJ found that the Plaintiff had the RFC to perform "light work as defined in 20 CFR 404.1567(b) and 416.967(b) except lifting up to 10 pounds;" with certain postural, environmental, and mental limitations. (Tr. 15-16). Plaintiff first argues that the ALJ's RFC assessment is internally inconsistent because it appears the ALJ was meaning to find that Plaintiff retained a RFC for a reduced range of sedentary, not light work.

At the hearing held before the ALJ, the ALJ presented the following first hypothetical question to the VE:

> Q: For hypothetical one let's assume that we have 44 year old male with a tenth grade – 11th grade education with a good ability to read, and write and use numbers. He would be limited to a range of light work, defined as no more than the occasional lifting up to 20 pounds; no more than the frequent lifting or carrying up to ten pounds; standing, walking six hours out of an eight hour workday; sitting six hours out of an eight hour workday; no climbing ladders, ropes or scaffolds; all postural activities no more than occasionally; no exposure to temperature or humidity extremes; nor work in the food industry due to eczema; and no exposure to irritants, such as gasses, fumes or chemicals; but can understand, remember and carry out simple and some complex instructions; and could relate to coworkers and supervisors for work purposes only; with no to minimal contact with the general public; and he could adapt to the work setting with these limitations; and medications would not prevent the individual from being reasonably alert in the work setting. Can this individual perform past work?
>
> A: No Your Honor. He could not.
>
> Q: Could this individual perform any other work, unskilled work, starting with light and two lights and two sedentary, if any?
>
> A: Yes, Your Honor. …One would be as a mail room clerk….There also would be a position as an assembler…At the sedentary exertional level an example would be as a clerical mailer….There also would be a position as a surveillance monitor…

(Tr. 46-47). The ALJ then presented the VE with the following hypothetical question number two:

> Q: For hypothetical two if we reduce the lifting to ten pounds and the standing, walking to two hours out of an eight hour workday, can I assume that the sedentary jobs can be performed?
>
> A: Yes. That would be correct.

(Tr. 47).

In his decision, the ALJ concluded that Plaintiff would be able to perform two jobs at the light level (mailroom clerk and assembler), and two jobs at the sedentary level (clerical mailer and surveillance monitor). Even if the ALJ used the term "light" work in his RFC determination, the remaining limitations given in his RFC, as well as his second hypothetical question, indicate he believed Plaintiff could perform sedentary work with certain limitations. Two of the jobs the ALJ found Plaintiff could perform are performed at the sedentary level. "To show an error was not harmless, [the plaintiff] must provide some indication that the ALJ would have decided differently if the error had not occurred." Byes v. Astrue, 687F.3d 913, 917 (8th Cir. 2012); Sullivent v. Colvin, No. 6:14-cv-30083-MDH, 2015 WL 4948941 at *2, n.5 (W.D. Mo., Aug. 19, 2015). Plaintiff has not provided any indication that the case would have been decided differently by the ALJ had the error not occurred. Therefore, any error the ALJ made in his reference to light work in his RFC was harmless error.

With respect to the weight the ALJ gave to the physicians' opinions, in his decision, the ALJ specifically addressed each opinion and the amount of weight he gave to each. He also discussed the medical records that supported the opinions. (Tr. 20-21). With respect to the opinion of Plaintiff's treating physician, Dr. David J. Tucker, the ALJ acknowledged Dr. Tucker's letter dated June 27, 2012, and his Physical Capacities Evaluation dated June 15, 2012, wherein Dr. Tucker severely limited Plaintiff's ability to work. (Tr. 20). The ALJ gave Dr. Tucker's treatment records significant weight, consistent with the ALJ's RFC assessment, but concluded that Dr. Tucker's RFC, which indicated Plaintiff could do less than sedentary work, was based on Plaintiff's statements, and not the doctor's opinion. He further found that the overall record did not support an inability to sit for at least 6 hours out

of an 8-hour workday. (Tr. 20).  The Court believes there is substantial evidence to support the ALJ's conclusions regarding Dr. Tucker's opinions.  Dr. Tucker indicated in his Physical Capacities Evaluation that Plaintiff suffered from fatigue resulting from having to take frequent pain medication and that Plaintiff's pain and the side effects of his medication moderately affected his attention and concentration. (Tr. 522, 524).  However, only one month prior, on May 9, 2012, Dr. Tucker reported that Plaintiff was "doing quite well," and was having no particular problems or difficulties, "no side effects to the medications," and had been stable on the present dose for quite some time. (Tr. 538).  The ALJ also noted that there were no radiology reports or orthopedic reports relating to Plaintiff's back. (Tr. 20).

In addition to Dr. Tucker's medical records, the ALJ discussed the records of Dr. Michael Green, Plaintiff's cardiologist, and gave his opinion substantial weight. (Tr. 20).  Dr. Green saw Plaintiff on a regular basis after his heart surgery.  On March 13, 2013, when Plaintiff saw Dr. Green for follow-up, Dr. Green noted that Plaintiff had no current complaints, denied chest pain and shortness of breath, and that Plaintiff was "still smoking." (Tr. 540).

The ALJ gave considerable weight to the opinion of Denise LaGrand, Psy.D., who concluded that while Plaintiff did report some mental/emotional symptoms, they were secondary to his pain, did not appear to significantly affect his performance, and his application for disability seemed to be based primarily on physical factors. (Tr. 386).  The ALJ noted that Dr. LaGrand stated Plaintiff had a normal gait and did not appear to be in any discomfort, but that Plaintiff stated his pain was an eight on the pain scale, which the ALJ found to be inconsistent. (Tr. 20).

A comprehensive internal medicine evaluation was performed on May 3, 2011, by Dr. Dubramaniam Krishnamuirthi, who noted that Plaintiff walked normally, his speed was slow due to back pain, and toe walking was difficult. (Tr. 392). Dr. Krishnamuirthi found Plaintiff's lower extremities had 5/5 strength in the quadriceps, hamstrings, dorsiflexion, and plantarflexion bilaterally. (Tr. 3920. Plaintiff's flexion, extension, and lateral flexion of dorsolumbar were very much reduced due to pain, and his range of motion of the lumbosacral spine and lower left extremity was reduced due to pain. (Tr.393). The ALJ found Dr. Krishnamurthi's findings were consistent with the records as a whole. (Tr. 20).

A Physical RFC Assessment was completed by non-examining physician, Dr. Evette Budrich, on August 29, 2011. (Tr. 424-431). Dr. Budrich found that Plaintiff was capable of performing light work with certain postural limitations. (Tr. 426). The ALJ gave this opinion significant weight.

The Court finds the ALJ considered all of the medical records, Plaintiff's complaints of pain, and all of the opinions of the various treating and non-treating physicians. The Court additionally notes that Plaintiff continued to smoke after being told to quit. "Failure to follow a prescribed course of remedial treatment without good reason is grounds for denying an application for benefits." Brown v. Barnhart, 390 F.3d 535, 540-541 (8th Cir. 2004)(citations omitted).

Based upon the foregoing, as well as for those reasons given in Defendant's brief, the Court finds there is substantial evidence to support the ALJ's RFC determination.

In addition, after thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical questions the ALJ posed to the

vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing the sedentary level jobs of clerical mailer and surveillance monitor. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

## IV.    Conclusion:

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 23rd day of November, 2015.

*/s/ Erin L. Setser*
HONORABLE ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE